# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MATTHEW LANSFORD**                                                                 **PLAINTIFF**

v.                                               CAUSE NO. 1:18cv359-LG-RHW

**LEGAL SERVICES CORPORATION,**
a Federal Corporation; **MISSISSIPPI**
**CENTER FOR LEGAL SERVICES,** a
Mississippi Corporation; **BARBARA**
**BROWN,** Individually; and **SAM**
**BUCHANAN,** Individually                               **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS FILED BY BARBARA BROWN AND SAM BUCHANAN

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by the defendants, Barbara Brown and Sam Buchanan, in this employment discrimination lawsuit. The pro se plaintiff, Matthew Lansford, did not file a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

## BACKGROUND

A temporary employment agency that is not a party to this lawsuit assigned Lansford, a white male, to work as a legal secretary/paralegal at Mississippi Center for Legal Services ("MCLS") in Gulfport, Mississippi, and he worked in that capacity for fourteen months. MCLS eventually began accepting applications to permanently fill Lansford's position. Lansford applied, but he was not granted an interview for the position. He claims that all the applicants who were interviewed

are female, and the individual who was initially offered the position was the only African-American applicant for the position. After the African-American candidate turned down the position, MCLS hired another female for the position. Lansford filed this lawsuit against Legal Services Corporation, MCLS, and MCLS employees Barbara Brown and Sam Buchanan, alleging that he was denied the opportunity to interview for the position due to his race and/or gender in violation of Title VII. Brown and Buchanan filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

To satisfy the requirements of Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Title VII prohibits an employer from discriminating against "any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. §§ 2000e(b), 2000e-2. Individual employees cannot be held liable under Title VII. *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)). Therefore, Lansford cannot maintain Title VII claims against Brown and Buchanan, and his claims against them must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by the defendants, Barbara Brown and Sam Buchanan, is **GRANTED**. Matthew Lansford's claims against Barbara Brown and Sam Buchanan are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of February, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE