IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW LANSFORD** | **PLAINTIFF** |
| v. | CAUSE NO. 1:18cv359-LG-RHW |
| **LEGAL SERVICES CORPORATION,** a Federal Corporation; **MISSISSIPPI CENTER FOR LEGAL SERVICES,** a Mississippi Corporation; **BARBARA BROWN,** Individually; and **SAM BUCHANAN,** Individually | **DEFENDANTS** |

## ORDER GRANTING MOTION TO DISMISS FILED BY LEGAL SERVICES CORPORATION

**BEFORE THE COURT** is the [5] Motion to Dismiss filed by the defendant Legal Services Corporation ("LSC") in this employment discrimination lawsuit. The pro se plaintiff, Matthew Lansford, filed a response in opposition to the Motion, but LSC did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

## BACKGROUND

A temporary employment agency that is not a party to this lawsuit assigned Lansford, a white male, to work as a legal secretary/paralegal at Mississippi Center for Legal Services ("MCLS") in Gulfport, Mississippi, and he worked in that capacity for fourteen months. Lansford claims that he frequently expressed interest in a permanent job at MCLS. He also applied for a permanent position three times while he was working at MCLS. The first two times, the position was not filled. On

the third occasion, MCLS conducted interviews. According to Lansford, all the candidates MCLS interviewed were female. Lansford claims that the position was offered to an African-American female who turned down the position. MCLS then hired a female for the position. Lansford does not specify this individual's race in his First Amended Complaint. Lansford claims he was not informed that the position had been filled until the new employee reported to work, and he was told his services were no longer needed.

Lansford filed this lawsuit against LSC, MCLS, and two individuals who work for MCLS, alleging that he was denied the opportunity to interview for the position due to his race and/or gender in violation of Title VII. LSC filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). "The court's task is to determine whether the plaintiff has stated a

legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

LSC has submitted evidence outside the pleadings in support of its Motion. "If a court looks to matters outside the pleadings on a motion to dismiss, the 'motion must be treated as one for summary judgment.'" *Shine v. Jones*, 743 F. App'x 566, 567 (5th Cir. 2018) (quoting Fed. R. Civ. P. 12(d)). "However, Rule 12(d) does not require that the court consider matters beyond the pleadings on such a motion; it is only when such additional materials are presented and 'not excluded by the court' that the motion is converted into one for summary judgment." *Id.* at 567 (quoting Fed. R. Civ. P. 12(d)). The Court will not consider the outside evidence that LSC submitted at this time.

In his First Amended Complaint, Lansford alleges, "LSC violated Title VII of the Civil Rights Act of 1964 under the theory of respondeat superior, failure of oversight regarding the actions of [MCLS] and improper training of its employees." (1st Am. Compl. 7, ECF No. 1-1.) The only other allegations concerning LSC in Lansford's First Amended Complaint are:

- An MCLS employee gave Lansford numerous excuses why MCLS was initially not seeking a permanent employee for Lansford's position that

"ranged from saying that [LSC] was on a hiring freeze (which was untrue) to fear that Donald Trump <u>might</u> be elected president to Donald Trump <u>was</u> elected president." (*Id.* at 3.) (emphasis in original).

- LSC and the other defendants never told Lansford why he was not offered an interview for the permanent legal secretary/paralegal position. (*Id.* at 3.)

"[S]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise (i.e., a single employer)." *Schirle v. Sokudo USA, L.L.C.*, 484 F. App'x 893, 898 (5th Cir. 2012). When determining whether two defendants should be considered a single employer under the integrated enterprise or single employer theory, courts look to four factors: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007). The second factor, which concerns which entity made the final decisions regarding employment matters, is most important. *Id.*

Lansford's First Amended Complaint lacks any explanation of the relationship between MCLS and LSC, and it provides no facts that would support a claim of integrated enterprise. It also contains no facts that would support any claim of wrongdoing on the part of LSC. As a result, Lansford's First Amended Complaint does not state a claim for relief against LSC that is plausible on its face pursuant to Fed. R. Civ. 12(b)(6).

Nevertheless, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* As a result, the Court finds that Lansford should be granted leave to amend his First Amended Complaint to try to state a claim against LSC that complies with Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, LSC's Motion to Dismiss Lansford's claims is granted. However, Lansford is granted leave to amend his First Amended Complaint to attempt to state claims against LSC within thirty days of the date of this Order.

**IT, IS, THEREFORE, ORDERED AND ADJUDGED** that the [5] Motion to Dismiss filed by the defendant Legal Services Corporation is **GRANTED**. The plaintiff, Matthew Lansford, is granted thirty days from the date of this Order to amend his First Amended Complaint.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that if Matthew Lansford fails to file a second amended complaint against Legal Services Corporation within thirty days of the date of this Order, Lansford's claims against Legal Services Corporation may be dismissed without further notice.

**SO ORDERED AND ADJUDGED** this the 15th day of February, 2019.

                                                    *s/ Louis Guirola, Jr.*
                                                    LOUIS GUIROLA, JR.
                                                    UNITED STATES DISTRICT JUDGE